IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARGARET MARY AGAR,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-03847-L** |
| | § | |
| **THE PRUDENTIAL INSURANCE** | § | |
| **COMPANY OF AMERICA,** | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Defendant's Motion to Dismiss Plaintiff's State Law Claims, filed December 3, 2012 (Doc. 14).  After carefully reviewing the motion, response, reply, pleadings and applicable law, the court **grants** Defendant's Motion to Dismiss Plaintiff's State Law Claims.

**I.      Procedural and Factual Background**

Plaintiff Margaret Mary Agar ("Plaintiff" or "Agar") brought this action against Defendant The Prudential Insurance Company of America ("Prudential" or "Defendant") on September 21, 2012, based on federal question, diversity jurisdiction, and supplemental jurisdiction. Plaintiff asserts breach of contract claim under federal law and state claims under chapters 541 and 542 of the Texas Insurance Code for unfair insurance practices and failure to promptly pay in full Plaintiff's insurance claim.

In Plaintiff's Amended Complaint ("Complaint"), Agar alleges that she is the designated beneficiary of a Servicemembers' Group Life Insurance ("SGLI") policy issued by Prudential for her daughter, Sergeant Kimberly Diane Agar ("Sergeant Agar"). Compl. ¶ 6.1.  On October 3, 2011,

Sergeant Agar committed suicide while stationed with the United States Army in Germany. *Id.* ¶ 6.2. Sergeant Agar was insured through Prudential pursuant to 38 U.S.C. §§ 1965, *et seq*., which entitles servicemembers of the United States military to automatic life insurance coverage in the amount of $400,000. *Id.* ¶ 6.3.

Several weeks prior to her death, Sergeant Agar completed a Servicemembers' Group Life Insurance Election and Certificate form, referred to as a SGLV 8286 form, to update her beneficiary information. *Id.* ¶ 6.5. Plaintiff contends that Army personnel erroneously changed Sergeant Agar's policy coverage amounts from $400,000 to $350,000 when entering the updated beneficiary information on the SGLV 8286 form dated August 30, 2011 (the "Form"). *Id.* ¶¶ 6.7, 6.5. Plaintiff contends that Sergeant Agar only used the Form to update her beneficiary information to change her mother's address and did not change the amounts of her policy coverage. *Id.* ¶ 6.7.

Pursuant to the express terms of the statute, any servicemember who wishes to be covered for less than the automatic $400,000 amount must elect in writing to reduce the benefit amount. *Id.* ¶ 6.4. Plaintiff attached a copy of the Form to show that Sergeant Agar did not check the box necessary to change her coverage amounts. *Id.* ¶ 6.8. Plaintiff alleges that Prudential relied on the incorrect information input by Army personnel and has failed and refused to pay the full amount owed to Agar as Sergeant Agar's beneficiary. *Id.* ¶ 6.8, 6.10. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Prudential seeks a dismissal of Plaintiff's state law claims on the ground that they are preempted by the Servicemembers' Group Life Insurance Act ("SGLIA").

## II.      Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss

are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).   In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).   While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).   Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).   The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).   Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).   Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III.     Analysis

Prudential contends that Plaintiff's state law claims are field preempted by the SGLIA. Prudential asserts that the SGLIA is a comprehensive statute that establishes and governs a subsidized federal program or group life insurance for active servicemembers of the United States military.   As such, Prudential contends that this statutory scheme reflects congressional intent to occupy the field regarding life insurance for servicemembers of the United States.

Congress enacted the SGLIA in 1965 "to make life insurance coverage available to members of the uniformed services on active duty, particularly in combat zones." *Ridgway v. Ridgway*, 454 U.S. 46, 50 (1981).  The National Service Life Insurance Act, enacted in 1940, was the predecessor to the SGLIA.  It was implemented prior to the United States' engagement in World War I and lapsed after the Korean War. *Id.* at 50-51.  When Congress enacted the SGLIA, the increasing hostilities in the Vietnam War pushed private insurance companies to restrict coverage for servicemembers. *Id.*

Federal law preempts state law when the "federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the States to supplement it." *Cipollene v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992) (internal citations and quotations omitted). In *Ridgway*, a case involving a divorce decree claim, the Court outlined the "pervasive and detailed characteristics" of the SGLIA and concluded that the state of Maine's law pertaining to the divorce decree claim was preempted. *Ridgway*, 454 U.S. at 53.  The Fifth Circuit has not addressed the preemptive effect of the SGLIA.  Other federal courts, however, have concluded that the SGLIA preempts state law claims similar to those asserted in this case. For example, in *Parker v. Office of Servicemembers' Group Life Insurance*, 91 F. Supp. 2d 820, 821 (E.D. Pa. 2000), the district court

addressed whether the SGLIA preempted the plaintiff's state law claims for negligence, breach of

contract, fraud and bad faith and concluded:

> If defendants were subject to liability under the various state laws for their actions in making policy determinations under the SGLIA, the uniform life insurance program for the members of the armed forces and their beneficiaries would no longer be uniform.  Depending on what state law may apply, some beneficiaries might not be able to collect all the rightful benefits as envisioned by Congress.  Others might be able to obtain more than the face amount of the policy because of state bad faith or other causes of action.  Some might be able to collect counsel fees and other not.  There might be inequities due to the vagaries of the various state conflict of laws rules.  We do not think that Congress intended such diverse results, particularly because the United States is the policyholder and is subsidizing the program.

*Id.* at 826 (internal citations omitted); *see also Prudential Ins. Co. v. Athmer*, 178 F.3d 473, 475-76

(7th Cir. 1999) (concluding, in a case where the policy owner was murdered by his wife,  that federal

law governed as to whom should receive the proceeds of a life insurance policy issued pursuant to

the SGLIA); *Rice v. Office of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1246 (10th Cir. 2001)

(noting that the SGLIA "preempts state law determining the right to a policy's proceeds").

   Plaintiff contends that her state law claims are not preempted because there is no express

statement of preemption in the SGLIA.  Express statements, however, are not required for a federal

law to preempt a state law because, as explained by the Supreme Court:

> [F]ailure to provide for preemption expressly may reflect nothing more than the settled character of implied preemption doctrine that courts will dependably apply, and in any event, the existence of conflict cognizable under the Supremacy clause does not depend on express congressional recognition that federal and state law may conflict.

*Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 387-88 (2000).  Furthermore, "the Supremacy

Clause mandates displacement of state law when (1) Congress intends expressly to do so; or (2)

Congress intends implicitly to do so through a pervasive federal regulatory scheme, or the state law

**Memorandum Opinion and Order - Page 6**

conflicts with the federal law or its purposes." *Teltech Sys., Inc. v. Bryant*, 702 F.3d 232, 235-36 (5th Cir. 2012).

Plaintiff also contends that the state law claims are not preempted by SGLIA, but rather, are actionable under the federal statutory scheme, pursuant to 38 C.F.R. § 9.13, as an action on the claim. Plaintiff further contends the SGLIA does not preempt her state law claims because it is silent on the topic of remedies. Plaintiff also contends that her state law claims are not conflict-preempted by the SGLIA because similar state law claims have been found not to conflict with the SGLIA. Plaintiff relies on *Thomas v. Prudential*, a South Carolina case involving potential tort claims. No. 2:09-CV-635-DCN, 2010 WL 297806, *1-3 (D.S.C. Jan. 21, 2010). In *Thomas*, the deceased's family members asserted that they may have potential tort claims in the future unrelated to the death benefit proceeds, and that they should not be precluded from bringing such claims. *Id.* at *1. The plaintiffs, however, did not dispute that claims *directly* related to the death benefits proceeds should be dismissed. *Id.* Thus, the situation in *Thomas* is not analogous to this case because Plaintiff does not contend that she may have potential tort claims in the future unrelated to the death benefit proceeds. Plaintiff's claims instead stem directly from the death benefit proceeds that she contends Prudential has failed to pay.

Moreover, federal courts that have addressed the issue have held that complaints to recover on such benefits are federal claims. *Cotton v. Prudential Ins. Co. of America*, 391 F. Supp. 2d 1137, 1139-40 (N.D. Fla. 2005) (citing *Rice*, 260 F.3d at 1246; *Athmer*, 178 F.3d at 475; *Prudential Ins. Co. of America v. Tull*, 690 F.2d 848, 849 (4th Cir. 1982); *Prudential Ins. Co. of America v. Tolbert*, 320 F. Supp. 2d 1378, 1380 (S.D. Ga. 2004); *Melton v. White*, 848 F. Supp. 1511, 1512 (W.D. Okla. 1994); and *Prudential Ins. Co. of America v. Tomaszek*, No. 90-C-6892, 1992 WL 26734, *1 (N.D.

Ill. Feb. 7,1992)).  The court therefore concludes that Plaintiff's state law claims under the Texas

Insurance Code are preempted.  As Plaintiff's state law claims are preempted by federal law, she is

unable to state a claim upon which relief can be granted on these claims, and Defendant is entitled

to dismissal of Plaintiff's state law claims.

## IV.    Conclusion

For the reasons herein stated, Plaintiff's state law claims under the Texas Insurance Code are

preempted by the SGLIA.  Accordingly, Plaintiff has failed to state claims under the Texas Insurance

Code upon which relief can be granted.  The court therefore **grants** Defendant's Motion to Dismiss

(Doc. 14) and **dismisses with prejudice** Plaintiff's state law claims under the Texas Insurance Code.

Plaintiff's claim under the SGLIA remains for disposition or resolution.

**It is so ordered** this 14th day of June, 2013.


_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge